THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>NORTHWEST TERRITORIAL MINT, LLC,<br><br>                    Debtor, | CASE NO. C16-01895-JCC |
| MEDALLIC ART COMPANY, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>         v.<br><br>MARK CALVERT, as trustee and on behalf of the estate of Northwest Territorial Mint, LLC,<br><br>                    Defendant. | ORDER DENYING MOTION TO WITHDRAW THE REFERENCE |

This matter comes before the Court on Plaintiff's motion to withdraw the reference (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

//

//

PAGE - 1

## I. BACKGROUND

Northwest Territorial Mint (Mint) filed for Chapter 11 bankruptcy on April 1, 2016. (Dkt. No. 10-1 at 2.) Shortly thereafter, the bankruptcy court appointed Mike Calvert (Defendant) as the bankruptcy estate's Chapter 11 trustee. (*Id.*) Medallic Art Company, LLC (Plaintiff) claims that Defendant wrongfully assumed exclusive control of Plaintiff's assets and property (Disputed Properties) when the estate was formed. (*Id.*) These assets include personal and intellectual property found on land that was shared to some extent between Plaintiff and Mint. (*Id.*) Mr. Hansen owns 50% of Plaintiff, and was the principal Debtor of the bankruptcy estate until Defendant replaced him. (*Id.*)

Plaintiff filed an adversary proceeding in bankruptcy court on August 12, 2016. (*Id.* at 3.) Plaintiff brought causes of action for (1) accounting and breach of contract, (2) injunctive relief, (3) conversion and damages, and (4) declaratory relief. (*Id.* at 3–4.) Defendant counterclaimed for (1) substantive consolidation, (2) alter ego, (3) fraudulent transfer, and (4) unjust enrichment. (*Id.* at 5–6.)

Plaintiff objects to having its claims decided in a bankruptcy court, and now brings this motion to withdraw the reference, arguing that it has a right to a jury trial on all of its causes of action and Defendant's counterclaims. (Dkt. No. 1 at 9–10.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to Local Civil Rule 87(a), "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11" are automatically referred to the bankruptcy court. W.D. Wash. Local Civ. R. 87(a). A district court, *sua sponte* or on motion of any party, has the authority to withdraw the reference in whole or in part for cause shown. 28 U.S.C. § 157(d).

In assessing whether cause is shown, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity

will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). There is no exact definition of a core proceeding, although, 28 U.S.C. § 157(b)(2)(B) provides a non-exhaustive list. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). In core proceedings, bankruptcy courts "may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). Actions concerning the administration of the bankruptcy estate are core proceedings. 28 U.S.C. § 157(b)(2)(A) and (O). A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its] existence and that could proceed in another court." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). Where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of non-core bankruptcy determinations. *Id.* at 1008–09.

After determining whether the claims are core or non-core, district courts consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id*. The presence of a jury demand may be cause for withdrawal of the reference. "If the right to a jury trial applies . . . the bankruptcy judge may conduct the trial if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). Bankruptcy courts cannot conduct jury trials on non-core matters without the consent of the parties. *In re Cinematronics, Inc.*, 916 F.2d at 1451. However, the demand for a jury trial does not necessitate automatic withdrawal of the reference. *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787–88 (9th Cir. 2007). Ultimately, district courts have discretion to determine whether the moving party has shown sufficient cause to justify withdrawing the reference. *In re Cinematronics, Inc.*, 916 F.2d at 1451.

//
//
//

PAGE - 3

**B.     Consideration of the Factors**

    **1.     Whether the Claims are Core or Non-core**

This factor favors denying the motion because the majority of claims and counterclaims invoke substantive rights created by federal bankruptcy law or that could not exist outside of bankruptcy proceedings. *See In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).

    **a.     Plaintiff's Causes of Action**

        *i.     Breach of Contract*

Here, Plaintiff allegedly agreed to lease, license, and sublease different parts of the Disputed Properties to Mint prior to the bankruptcy. (Dkt. No. 2 at 13.) Plaintiff further claims Defendant breached its contract by consolidating the Disputed Properties into the bankruptcy estate. (*Id.*) Plaintiff essentially argues that Defendant breached a contract binding the estate and now improperly possesses the Disputed Properties.

Plaintiff's breach of contract claim is a core proceeding because it concerns "the administration of the estate." 28 U.S.C. § 157(b)(2)(A) and (O); *In re Harris*, 590 F.3d 730, 738 (9th Cir. 2009) (holding state law breach of contract claims were core proceedings under subsections (A) and (O) because the claims were inextricably intertwined with the trustee's sale of assets.). Furthermore, bankruptcy courts may evaluate rights to future payments to bankruptcy estates. *In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990) ("determining the nature and extent of the property of the estate is also a fundamental function of a bankruptcy court . . . [and] fundamental to the administration of a bankruptcy case"). As in *In re Harris*, Plaintiff's breach of contract claim is inextricably intertwined with the bankruptcy proceedings and concerns the administration of the estate. Therefore, it is a core proceeding.

        *ii.     Injunction*

Plaintiff seeks to permanently enjoin Defendant from denying Plaintiff access to its records, its property, and Mint employees. (Dkt. No. 10-1 at 6.) In order to grant relief, the court must first determine whether the property belongs to Plaintiff or the bankruptcy estate.

1  Determining the nature and extent of the property in the estate is a role reserved for bankruptcy
2  courts. *See In re Kincaid.* 917 F.2d at 1165. Therefore, Plaintiff's injunction claim is a core
3  proceeding.

### iii. Conversion

Plaintiff's conversion claim is core because its viability depends on whether the bankruptcy estate includes the relevant parts of the Disputed Assets. Determining what property is included in the bankruptcy estate is central to its administration. *Id.*

### iv. Declaratory Judgment

Plaintiff asks the bankruptcy court to declare that (1) Plaintiff is a separate entity from Mint, (2) Plaintiff owns the Disputed Properties, (3) the Disputed Properties should not be consolidated into the bankruptcy estate, and (4) Plaintiff has enforceable contract rights against the bankruptcy estate in exchange for leasing and subletting the Disputed Properties. (Dkt. No. 2 at 13.) Any court making these declarations would play a substantial role in determining what property is and is not included in the bankruptcy estate. Therefore, this is a core proceeding. *See In re Kincaid*, 919 F.2d at 1165.

### b. Defendant's Counterclaims

A bankruptcy estate's counterclaim against a party who filed a claim against it is core if resolving the creditor's proof of claim will also resolve the estate's counterclaim. 28 U.S.C. § 157(b)(2)(c). In *Stern v. Marshall*, the Court established that the test for counterclaims is (1) whether a claim is beyond the scope of the creditor's proof of claim, and (2) whether the claim otherwise requires adjudication in an Article III court. 564 U.S. 462, 496–98 (2011) (finding that a bankruptcy court had no constitutional power to evaluate the debtor's common law tort counterclaims because such claims were beyond the scope of the creditor's proof of claim and were claims of a nature that required an Article III court's adjudication).

//
//

### i. Substantive Consolidation

Substantive consolidation claims are core proceedings because they are based on federal bankruptcy law. *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000) ("The theory of substantive consolidation emanates from the core of bankruptcy jurisprudence."). The Ninth Circuit gives bankruptcy courts the complete power to adjudicate claims or equities based on the relationship between several creditors. *Id.*

### ii. Alter Ego

Defendant asks the bankruptcy court to determine that Plaintiff is the alter-ego of Mint. (Dkt. No. 10 at 7.) This is a core proceeding because it goes directly to identifying the property of the estate, which is key to administering it. *See* 28 U.S.C. § 157(b)(2)(A), (O).

### iii. Fraudulent Transfer

Fraudulent transfer claims are statutorily core claims. *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561–65 (9th Cir. 2012). However, the Ninth Circuit has held that they fail the test provided by *Stern v. Marshall* and therefore cannot be adjudicated by non-Article III judges without both parties' consent. *Id.* Plaintiff does not consent. (Dkt. No. 1 at 9–10.) Therefore, the fraudulent transfer claims are treated as non-core for this analysis.

### iv. Unjust Enrichment

Plaintiff argues that the counterclaim for unjust enrichment is non-core and Defendant acknowledges that it "may constitute a non-core proceeding." (Dkt. No. 7-1 at 14–15.) The Court agrees. Unjust enrichment does not depend on federal bankruptcy law, and is the type of claim that could proceed in another court. *See Sec. Farms*, 124 F.3d at 1008.

**2. Efficient Use of Judicial Resources**

This factor favors denying the motion. Courts conserve judicial resources when bankruptcy courts hear cases based predominantly on bankruptcy law because it avoids the additional costs of having a district court review bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008–09 (9th Cir. 1997). Furthermore, the bankruptcy court has overseen this case since

April 1, 2016 and is already familiar with the issues. (W.D. Wash. Bankruptcy Court, Case No. 16-11767, Dkt. No. 1.)

### 3. Delay and Cost to the Parties

The parties disagree on whether delay can best be avoided by withdrawing the reference. (Dkt. Nos. 1 at 20, 7-1 at 15–16.) Plaintiff argues that withdrawing the reference would produce a speedier trial, but does not explain how. (Dkt. No. 1 at 20.) Defendant argues that the bankruptcy court is already familiar with this case, has set an initial trial date of May 2017, and it is unlikely this Court could accommodate the case in time to come to a swifter resolution. (*See* Dkt. No. 7-1 at 15–16.) This Court agrees.

### 4. Uniformity of Bankruptcy Administration

This factor favors denying the motion because Plaintiff did not address this issue in its motion, and therefore has not made the appropriate showing. Furthermore, most of the claims in this case are either core claims or are unique to bankruptcy law. Allowing bankruptcy courts to resolve the controversies for which they were created promotes the uniform application of bankruptcy law.

### 5. Prevention of Forum Shopping

Plaintiff argues that forum shopping is a non-issue because Plaintiff filed its original complaint in a timely fashion and has consistently objected to both entry of final judgment and a jury trial carried out by the bankruptcy court. (Dkt. No. 1 at 20.) Defendant disagrees, arguing that Plaintiff seeks to avoid trying his case before a court that has already taken the extraordinary step of removing Mr. Hansen as the Principle of the bankruptcy estate. (Dkt. No. 7-1 at 16); s*ee also In re TS Indus., Inc.*, 125 B.R. 638, 643 (Bankr. D. Utah 1991).

Defendant's argument is persuasive. At the time of the original petition, Mr. Hansen was (1) the complete owner of Mint, (2) the Principle of the bankruptcy estate, and (3) owned 50% of Plaintiff. (Dkt. No. 1 at 10–11.) Post petition, the acting trustee for the estate filed a motion asking the Honorable Christopher M. Alston, United States Bankruptcy Judge, to replace Mr.

Case 2:16-cv-01895-JCC   Document 11   Filed 02/13/17   Page 8 of 11

1  Hansen with a Chapter 11 trustee. (W.D. Wash. Bankruptcy Court, Case No. 16-11767, Dkt. No.
2  25 at 2.) In support, the acting trustee submitted a prior judgment against Mr. Hansen in which
3  the court assessed $3,000,000 in punitive damages against Mr. Hansen for conduct "amounting
4  to fraud, oppression and malice." (*Id.*) Judge Alston subsequently ordered Defendant to replace
5  Mr. Hansen as the Principle of the bankruptcy estate. (Bankruptcy Court, Case No. 16-11767,
6  Dkt. No. 45 at 1.) Under these circumstances, Plaintiff may seek to try this case in a more
7  favorable court.

8  The Court further finds that Plaintiff's untimely motion contributes to the risk of forum
9  shopping. Timely motions to withdraw the reference decrease the likelihood of forum shopping.
10 *Burdette v. Emerald Partners LLC,* 2015 WL 4394859, at * 5 (W.D. Wash. 2015). As Judge
11 Alston noted, local bankruptcy rules provide that motions to withdraw the reference should be
12 filed and served promptly after service of any pleading or document in which the basis of the
13 motion first arises. (Dkt. No. 10-1 at 9.) Plaintiff waited three months after commencing the
14 adversary proceeding to file the motion. (*Id.*)

### 6. Right to Trial by Jury

16 This factor favors denying the motion. Plaintiff does not have the right to a jury claim on
17 any of the claims or counterclaims in this proceeding because either (1) the right never existed,
18 or (2) Plaintiff waived the right when it filed its proof of claim.[1]

19 To determine whether a jury trial right exists for the claims and counterclaims, the Court
20 must (1) compare the action to actions in the Eighteenth Century that were brought before courts
21 of law and equity, and (2) consider whether the remedy sought is legal or equitable.
22 *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). The second step is given greater
23 weight. *Id.* Parties are entitled to a jury where the remedy is legal, but not where it is equitable.
24 *Id.*

---

26 [1]Judge Alston similarly found that Plaintiff has no right to a jury trial on any claims or counterclaims. (Dkt. No. 10-1 at 9–20.)

PAGE - 8

If the right to a jury trial exists, courts must determine if it has been waived. Under *Granfinanciera*, a creditor may waive its right to a jury trial on causes of action relating to the "allowance or disallowance of the claim." *Id.* at 58–59. *See also In re Hickman*, 384 B.R. 832, 837–38 (B.A.P. 9th Cir. 2008) (holding that no party may have a jury trial on issues related to the resolution of a claim filed by a creditor).

Plaintiff argued there was no waiver because Plaintiff (1) expressly stated it intended to preserve its jury trial rights in its proof of claim, and (2) did not list a dollar amount on the claim form. (Dkt. No. 7-1 at 29.) Plaintiff is mistaken. The rule in *Granfinanciera* turns on whether a proof of claim is filed against a bankruptcy estate. 492 U.S. at 41. Plaintiff provides no authority showing that it can evade this rule by including specific phrases in, or by omitting dollar amounts from, the proof of claim. The Court declines to adopt such a rule.

### a.   Breach of Contract Claim

Contract claims are legal in nature and raise jury trial rights. *In re Cinematronics*, 916 F.2d at 1448. However, this contract claim arose as part of the process for the allowance or disallowance of claims because Plaintiff asked the bankruptcy court (1) to rule that Plaintiff entered valid and enforceable contracts, leases, and agreements with Mint, and (2) for damages from the breach of those agreements. (Dkt. No. 10-1 at 14.) Therefore, Plaintiff waived its right to a jury trial for this claim.

### b.   Conversion Claim

Conversion claims are legal in nature and therefore raise jury trial rights. *See Ross v. Bernhard*, 396 U.S. 531, 542 (1970). However, this conversion claim arises as part of the process for the allowance or disallowance of claims because Plaintiff invoked the bankruptcy court's equitable jurisdiction to establish its right to distributions from the bankruptcy estate. (Dkt. No. 10-1 at 14.) Therefore, Plaintiff waived its right to a jury trial for this claim.

### c. Injunction Claim

Plaintiff is not entitled to a jury trial on this counterclaim because injunctions are a form of equitable relief. *In re Graves*, 279 B.R. 266, 272 (B.A.P. 9th Cir. 2002).

### d. Fraudulent Transfer Counterclaims

There is no Seventh Amendment right to a jury trial for fraudulent transfer claims. *Granfinanciera*, 492 U.S. at 47–50. In *Langenkamp v. Culp*, the Supreme Court held that a creditor who makes a claim against a bankruptcy estate has no right to a jury trial if the estate raised the counterclaim to defend against the creditor's claim. 498 U.S. 42, 44–45 (1990). Here, the fraudulent transfer counterclaims defend against the breach of contract and conversion claims because bankruptcy courts must disallow a proof of claim based on fraudulent transfers. 11 U.S.C. § 502(d). Accordingly, if Defendant can show that these fraudulent transfers took place, then the proof of claim underlying Plaintiff's contract and conversion claims will be disallowed, and Plaintiff will be unable to bring those claims. Therefore, Plaintiff has no right to a jury trial on the fraudulent transfer counterclaims.

### e. Substantive Consolidation Counterclaim

Plaintiff has no right to a jury trial for this counterclaim because substantive consolidation is an equitable doctrine. *In re Bonham*, 229 F.3d at 763.

### f. Alter Ego Counterclaim

Alter ego claims ask the court to determine whether property held by the debtor's alter ego should be returned to the bankruptcy estate. Actions to recover property wrongfully withheld or to return funds rightfully belonging to another are all equitable actions because they are restitutionary. *Curtis v. Loether*, 415 U.S. 189, 197 (1974); *Bowen v. Massachusetts*, 487 U.S. 879, 893–96 (1988). Therefore, Plaintiff has no right to a jury trial for the alter ego counterclaim because it is an equitable action.

//

//

### g. Unjust Enrichment Counterclaim

Plaintiff has no right to a jury trial for the unjust enrichment counterclaim because Plaintiff seeks an equitable adjustment to the relationship between itself and Mint. Plaintiff relies on *Shum v. Intel Corp.*, to establish that an unjust enrichment claim can require a jury trial if it shares a common issue of fact with a legal breach of contract claim. 630 F. Supp. 2d 1063, 1078 (N.D. Cal. 2009); (Dkt. No. 10-1 at 19). However, Plaintiff would not prevail on this issue even if this Court adopted the *Shum* holding. Under *Granfinanciera*, traditional equitable remedies are considered legal claims if Defendant only seeks to recover money. 492 U.S. at 49. The right to a jury trial does not exist if Defendant pursues another form of equitable relief. *Id.* Here, Defendant filed counterclaims for substantive consolidation, alter ego, and unjust enrichment. (Dkt. No. 10-1 at 19.) Taken together, Defendant seeks to equitably adjust the relationship between itself and Plaintiff. Therefore, Plaintiff has no right to a jury trial on this claim.

## III. CONCLUSION

Every step of the analysis provided by *In re Orion Pictures Corp.* and *Security Farms* favors denying the motion to withdraw the reference. For the foregoing reasons, Plaintiff's motion to withdraw the reference (Dkt. No. 1) is DENIED.

DATED this 13th day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE